United States District Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Ultra Deep Picasso Pte Ltd., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Case No. 4:21-cv-03891 |
| Dynamic Industries Saudi Arabia Ltd., | § § § | |
| *Defendant,* | § § | |
| and | § § | |
| Riyad Bank, | § § | |
| *Garnishee.* | § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending are two motions, filed by Defendant Dynamic Industries Saudi

Arabia Ltd. ("DISA"), seeking dismissal or other alternative relief. DISA's first

motion challenges personal jurisdiction and venue and, alternatively, requests

that the Court stay proceedings and compel arbitration of all claims asserted

by Plaintiff Ultra Deep Picasso Pte Ltd. ("UDP"). Dkt. 35 (invoking Fed. R.

Civ. P. 12(b)(2) and (b)(3)). As a further alternative, DISA seeks dismissal of

this suit pursuant to forum non conveniens. Dkt. 36.

After reviewing the parties' briefing and the governing law, and further taking into account the parties' clarifications at the February 2, 2023 hearing on DISA's motion to dismiss, Dkt. 52 (hearing notice), it is recommended that DISA's motions be denied but without prejudice to raise certain issues through a motion to vacate the Court's order of attachment.

## Background

UDP filed a verified complaint asserting that DISA breached a contract for maritime services by failing to pay for UDP's provision of subsea diving support vessels for offshore operations of Saudi Aramco. Dkt. 1 ¶¶ 8-11. The complaint asserts two counts: one, for breach of a maritime contract, *id.* ¶¶ 12-14, and the other, for maritime attachment and garnishment of DISA's funds that are allegedly held by Riyad Bank, *id.* ¶¶ 7, 15-18.

By verified application, Dkt. 4-1, UDP sought and ultimately was granted an ex parte order for attachment of "assets held by or at" Riyad Bank, pursuant to Rule B(1)of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Dkt. 10 at 1-2.[1] The order also incorporated Supplemental Rule E(4)(f), by specifying "that any person claiming an interest in the property attached or garnished pursuant to

---

[1] Although the order also extended to Saudi Aramco, Dkt. 10 at 1, which originally was named as another garnishee, Dkt. 1 at 1, UDP later dismissed Saudi Aramco from this suit, Dkt. 22.

said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff [UDP] shall be required to show why the garnishment should not be vacated or other relief granted ....”  Dkt. 10 at 2; Fed. R. Civ. P., Supp. R. E(4)(f) (same language).

After filing a notice of restricted appearance under Supplemental Rule E(8), Dkt. 34, DISA filed two motions to dismiss: for lack of personal jurisdiction and improper venue, and based on *forum non conveniens*, Dkts. 35, 36.  UDP responded, Dkts. 43, 44, and DISA filed replies, Dkts. 47, 48.  The parties’ debate over procedural issues prompted the Court to convene a hearing on February 2, 2023.  Dkt. 52.

## Analysis

A review of the briefing and the parties’ clarifications at the hearing confirm that DISA is not entitled to dismissal for lack of personal jurisdiction, improper venue, or because of *forum non conveniens*.  Instead, this is solely an attachment proceeding, and the dispute over whether DISA’s funds can be found within this district amounts to a challenge to the Court’s existing attachment order.  In the interests of efficiency, DISA should therefore be permitted an opportunity to present its argument through the proper mechanism—Supplemental Rule E(4)(f).

At the February 2, 2023 hearing, the parties agreed that UDP’s action seeks *solely* to pursue attachment of DISA’s property under Rule B of the

Supplemental Admiralty and Maritime Claims Rules and Asset Forfeiture Actions, in the event that UDP obtains recovery against DISA. This is the claim asserted in Count II of UDP's verified complaint. *See* Dkt. 1 ¶¶ 15-18.

"Under Supplemental Rule B, a district court 'take[s] jurisdiction over a defendant in an admiralty or maritime action by attaching property of the defendant.'" *Agrocooperative Ltd. v. Sonangol Shipping Angola (Luanda) Limitada*, 2015 WL 138114, at *4 (S.D. Tex. Jan. 8, 2015) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 421 (5th Cir. 2001)); Fed. R. Civ. P., Supp. R. B(1). To invoke Rule B, a plaintiff must show that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Id.* at *5 (quoting *Agua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds*, *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)). Such a *quasi in rem* action can only proceed "[i]f a defendant is not found within the district ...." Fed. R. Civ. P. Supp. R. B(1)(a). This means "a court will lack in personam jurisdiction over the defendant when it orders that a writ of attachment be issued." *Shipping Corp. of India*, 585 F.3d at 69 n.12; *see also, e.g.*, *Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 987 (5th Cir. 1992) (explaining that "if the person cannot be found in the district,

4

the plaintiff is protected by the ability to proceed against the thing.  Such a proceeding is an action quasi in rem").

Here, UDP sought relief under Supplemental Rule B by filing a verified complaint asserting that DISA "cannot be found within this District within the meaning of Rule B ...." Dkt. 1 ¶ 18.  The Court then explicitly found that "the conditions required by Rule B(1) ... exist"—and thus, that DISA cannot be found in this District—when issuing its order of maritime attachment and garnishment.  Dkt. 10 at 1.

DISA's arguments about the lack of minimum contacts necessary to support personal jurisdiction, and its alternative *forum non conveniens* arguments, are therefore misplaced.  "That is because any attached property serves as the basis for personal jurisdiction over Defendant [DISA]." *Agrocooperative Ltd.*, 0025 WL 138114, at *6.  UDP's inclusion of a maritime breach-of-contract claim (Count I) serves the limited purpose of demonstrating a threshold requirement—*i.e.*, a prima facie maritime claim for which Rule B security is sought.  *See, e.g.*, *WAG SPV I, LLC v. Fortune Glob. Shipping & Logistics, Ltd.*, --- F. Supp. 3d ---, 2020 WL 1489814, at *5 (S.D.N.Y. Mar. 27, 2020) ("Supplemental Rule B attachment is a remedy, not a claim.").  Neither party disputes that UDP's claim is governed by maritime law.  The Court's attachment order, in turn, merely allows UDP to "ensure the availability of security pending a determination of the merits" of that claim in the parties'

contractually specified arbitral forum. *See Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 632-33 (9th Cir. 1982) ("We hold that in an admiralty action, absent express intent to the contrary, a forum selection clause providing that all disputes under the charter will be determined by a selected foreign court neither precludes a plaintiff from commencing an action in the district court to obtain security by maritime attachment, nor prohibits the district court from ensuring the availability of security adequate to satisfy a favorable judgment by the selected forum."); Dkt. 35-1 ¶ 12.6.1 (arbitration provision).  The breach-of-contract claim itself would not be resolved by this Court.  DISA's motions to dismiss, whether under Rule 12(b)(2), (b)(3), or the doctrine of *forum non conveniens*, therefore should be denied.  *See Agrocooperative Ltd.*, 0025 WL 138114, at *6 (rejecting similar contentions).

On the other hand, DISA has raised serious questions as to whether a different mandatory requirement for Supplemental Rule B attachment is met. DISA makes a compelling argument that UDP has failed to demonstrate that DISA's property "may be found" within this district. Dkt. 47 at 3 (quoting *Aqua Stoli Shipping*, 460 F.3d at 445).  DISA submitted uncontroverted evidence that it maintains no bank accounts within the United States. Dkt. 35-1 ¶ 9 (Decl. of D. Sinitiere).  At the hearing, the garnishee, Riyad Bank, also represented that DISA has no account with Riyad Bank in the United States, and that no agent of Riyad Bank in this district has the general authority to

6

draw upon any DISA funds even assuming there were such funds held by Riyad Bank outside the United States.  *Compare with Boland Marine & Indus., LLC v. Bouchard Transp. Co.*, 2020 WL 10051743, at \*3-7 (W.D. Tex. Feb. 28, 2020), *report and recommendation adopted*, 2020 WL 10051738 (W.D. Tex. Mar. 26, 2020) (holding that assets of bank account could be found within the district because the funds were "available for withdrawal" by the defendant from a location of the garnishee within the district).

But because the Court already issued an attachment order that includes an adverse threshold finding on this requirement, *see* Dkt. 10 at 1, the proper procedural vehicle for DISA to mount this challenge is to request vacatur of the attachment order.  *See* Fed. R. Civ. P., Supp. R. E(4)(f) ("Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.").  The denial of DISA's motions to dismiss should therefore be without prejudice to DISA filing a prompt motion to vacate the attachment order, under the schedule detailed below.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Dynamic Industries Saudi Arabia Ltd.'s Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(3) (Dkt. 35) be **DENIED**, and that its alternative Motion to Dismiss for Forum Non Conveniens (Dkt. 36) be **DENIED**.

It is further **RECOMMENDED** that these denials be without prejudice to Defendant's entitlement to bring a motion under Supplemental Rule E(4)(f) to vacate the attachment order, as follows: Defendant's motion to vacate must be filed by February 24, 2023; Plaintiff Ultra Deep Picasso Pte Ltd.'s response must be filed by March 15, 2023, and Defendant's reply, if any, must be filed by March 22, 2023.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** ***Ortiz v. City of San Antonio Fire Dep't***, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 6, 2023 at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge